IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. _____

| | |
|---|---|
| WOODFOREST NATIONAL BANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) **VERIFIED COMPLAINT** |
| VALEO SENIOR, LLC, VALEO GROUPE US, LLC, and MICHAEL W. ROLLINS, | ) ) ) |
| Defendants. | ) ) ) ) |

Plaintiff Woodforest National Bank ("Lender" or "Plaintiff"), by and through counsel, hereby files its verified complaint against Valeo Senior, LLC ("Borrower"), Valeo Groupe US, LLC ("Groupe"), and Michael W. Rollins ("Rollins") (Borrower, Groupe and Rollins are collectively referred to herein as the "Defendants"), and states and alleges as follows:

## JURISDICTION AND PARTIES

1. Plaintiff is a national bank organized and existing under the laws of the State of Texas. Plaintiff is authorized to do business in the State of North Carolina.

2. Borrower is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, and may be served through its registered agent in North Carolina c/o Seth W. Pesek, 1001 Morehead Square Drive, Suite 320, Charlotte, North Carolina 28202.

3. Groupe is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, and may be served through its registered agent in Virginia c/o Sorensen Entity Services LLC, 14303 W. Shore Lane, Midlothian, Virginia 23112.

4. Upon information and belief, Rollins is a citizen and resident of Mecklenburg County, North Carolina, is under no legal disability, and is not an active member of any branch of the United States Armed Forces. Rollins can be served at his address in Florida: 3801 Collins Avenue, Apt. 505, Miami Beach, Florida 33140.

5. The amount in controversy exceeds $75,000.00 and there is a complete diversity of citizenship. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a).

## VENUE

6. Venue is proper in the Western District of North Carolina pursuant to the forum selection clause contained in the Loan Documents defined below.

## FACTS

7. On or about March 16, 2018, Borrower entered into a Revolving Line of Credit Note with Lender in the original principal amount of $3,000,000.00, as amended by an Amended and Restated Revolving Line of Credit Note dated March 1 2019, as further amended by a Second Amended and Restated Revolving Line of Credit Note dated March 29, 2019 (collectively, as further amended and/or modified, the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A.

8. In connection with the Note, Borrower executed a Loan Agreement dated March 16, 2018. On or about March 1, 2019, Borrower executed a First Amended and Restated Loan Agreement. On or about March 29, 2019, Borrower executed a Second Amended and Restated Loan Agreement (as further amended and/or modified, the "Loan Agreement"). A true and correct copy of the Second Amended and Restated Loan Agreement is attached hereto as Exhibit B.

9. In connection with the Note, Groupe executed an Unconditional Guaranty Agreement dated March 16, 2018 (as amended and/or modified, the "Groupe Guaranty"). A true and correct copy of the Groupe Guaranty is attached hereto as Exhibit C.

10. In connection with the Note, Rollins executed an Unconditional Guaranty Agreement dated March 16, 2018 (as amended and/or modified, the "Rollins Guaranty"). A true and correct copy of the Rollins Guaranty is attached hereto as Exhibit D.

11. The Note, Loan Agreement, Groupe Guaranty and Rollins Guaranty are collectively referred to as the "Loan Documents."

12. To further amend the Loan Documents, Borrower executed the following amendments: (a) Modification Agreement dated June 27, 2019; (b) Second Modification Agreement dated March 16, 2020; (c) Third Modification Agreement dated March 12, 2021 (which modified the loan amount to $5,000,000.00 and extended the maturity date to May 31, 2022); and (d) Modification Agreement dated May 20, 2021 (collectively, the "Modification Agreements"). A true and correct copy of the Modification Agreements are attached hereto as Exhibit E.

13. Pursuant to the terms of the Loan Documents, the Note matured, and was due and payable in full, on May 31, 2022.

14. Borrower, Groupe and Rollins failed to repay the Note in full on or before May 31, 2022.

15. By letter dated June 6, 2022, Lender notified Defendants that the Note was in default and provided Defendants five (5) days to cure the default (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as Exhibit F.

16. Despite Lender's notice in the Demand Letter, Defendants have failed to cure the default and have failed to repay the Note in full as required by the Loan Documents.

17. As of August 3, 2022, the amount due under the Loan Documents was:

| | | |
|---|---|---|
| Principal | $4,960,008.49 | |
| Interest | 104,220.51 | |
| Late Fees | 192,514.95 | |
| **TOTAL** | **$5,256,743.95** | per diem = $1,599.91 |

18. By service of this Verified Complaint, Lender hereby provides Defendants with notice of its intent to enforce the provisions of the Loan Documents relative to attorneys' fees. Pursuant to N.C. Gen. Stat. §6-21.2, the attorneys' fees provision shall be unenforceable if the Note is paid in full within five (5) days of service of this Verified Complaint

## COUNT I
## (COLLECTION ON NOTE)

19. Plaintiff incorporates the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

20. Under the Loan Documents, Borrower promised to pay all outstanding principal and all accrued and unpaid interest due under the Note by May 31, 2022; however, Borrower materially breached the Loan Documents by failing to make said payment.

21. Lender has fulfilled all of its material obligations under the Loan Documents.

22. Lender has been damaged by Borrower's breach of the Loan Documents.

23. Plaintiff is entitled to a judgment against Borrower in the amount of $5,256,743.95, which consists of principal of $4,960,008.49, accrued but unpaid interest of $104,220.51, and late charges of $192,514.95; plus attorneys' fees in the amount of $759,634.35 (calculated as 15% of the outstanding principal and interest owed on the Note pursuant to N.C. Gen. Stat. § 6-21.2); plus per diem interest in the amount of $1,599.91 from August 3, 2022, until judgment.

## COUNT II
## (COLLECTION ON GROUPE GUARANTY)

24. Plaintiff incorporates the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

25. Under the Groupe Guaranty, Groupe absolutely and unconditionally guaranteed to Lender the payment and performance of those obligations owed by Borrower under the Note and the Loan Documents.

26. Borrower breached its payment and performance obligations to Lender and is in default under the Loan Documents.

27. Groupe has breached the terms of the Groupe Guaranty by failing to pay the debts owed by Borrower under the Note and Loan Documents.

28. Plaintiff has been damaged by Groupe's breach of the Loan Documents.

29. Plaintiff is entitled to a judgment against Groupe in the amount of $5,256,743.95, which consists of principal of $4,960,008.49, accrued but unpaid interest of $104,220.51, and late charges of $192,514.95; plus attorneys' fees in the amount of $759,634.35 (calculated as 15% of the outstanding principal and interest owed on the Note pursuant to N.C. Gen. Stat. § 6-21.2); plus per diem interest in the amount of $1,599.91 from August 3, 2022, until judgment.

## COUNT III
## (COLLECTION ON ROLLINS GUARANTY)

30. Plaintiff incorporates the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31. Under the Rollins Guaranty, Rollins absolutely and unconditionally guaranteed to Lender the payment and performance of those obligations owed by Borrower under the Note and the Loan Documents.

32. Borrower breached its payment and performance obligations to Lender and is in default under the Loan Documents.

33. Rollins has breached the terms of the Rollins Guaranty by failing to pay the debts owed by Borrower under the Note and Loan Documents.

34. Plaintiff has been damaged by Rollins' breach of the Loan Documents

35. Plaintiff is entitled to a judgment against Rollins in the amount of $5,256,743.95, which consists of principal of $4,960,008.49, accrued but unpaid interest of $104,220.51, and late charges of $192,514.95; plus attorneys' fees in the amount of $759,634.35 (calculated as 15% of the outstanding principal and interest owed on the Note pursuant to N.C. Gen. Stat. § 6-21.2); plus per diem interest in the amount of $1,599.91 from August 3, 2022, until judgment.

WHEREFORE, Woodforest National Bank respectfully requests prays that this Court:

1. Enter judgment in favor of Woodforest National Bank and against Defendants, jointly and severally, in the amount of $5,256,743.95, which consists of principal of $4,960,008.49, accrued but unpaid interest of $104,220.51, and late charges of $192,514.95; plus attorneys' fees in the amount of $759,634.35 (calculated as 15% of the outstanding principal and interest owed on the Note pursuant to N.C. Gen. Stat. § 6-21.2); plus per diem interest in the amount of $1,599.91 from August 3, 2022, until judgment;

2. Tax the costs of this action against Defendants;

3. Award Woodforest National Bank post-judgment interest as allowed by law; and

4. Grant Woodforest National Bank such other and further relief as the Court deems just and proper.

This the 9th day of August, 2022.

/s/ Kiah T. Ford
Kiah T. Ford
N.C. State Bar No. 20979
Brian D. Darer
N.C. State Bar No. 25383
Parker Poe Adams & Bernstein, LLP
301 Fayetteville Street, Suite 1400 (27601)
P. O. Box 389
Raleigh, North Carolina 27602
Telephone: (919) 828-0564
Facsimile: (919) 834-4564
briandarer@parkerpoe.com
*Attorney for Plaintiff Woodforest National Bank*

## VERIFICATION

The undersigned, _Matthew P. Stewart_, being first duly sworn, deposes and says that s/he is a Senior Vice President of Woodforest National Bank, the plaintiff in this action; that as such s/he has personal knowledge of the business and is authorized to make this oath and verification; that s/he has read the foregoing Complaint and the same is true and correct of her/his own personal knowledge or from information provided to her/him by employees or agents of the plaintiff, except as to those allegations made upon information and belief, and as to those allegations s/he believes them to be true.

This the _5th_ day of August, 2022.

_[signature]_

Print Name: _Matthew P. Stewart_

Title: _Senior Vice President_

STATE OF _North Carolina_
COUNTY OF _Mecklenburg_

I, _Toni P. Stephens_, a Notary Public for said County and State, do hereby certify that _Matthew P. Stewart_ personally appeared before me this day and acknowledged that s/he is a Senior Vice President of Woodforest National Bank and that the foregoing was signed by her/him on its behalf.

Sworn and subscribed before me on this _5th_ day of August, 2022.

_Toni P. Stephens_
Official Signature of Notary

_Toni P. Stephens_, Notary Public
Notary Public's printed or typed name
My Commission expires: _7-13-2025_

(Official Stamp or Seal)